## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JOHNNY WEBB,

        Plaintiff,

vs.

                                  CASE NO.:

BEACON SECURITY
TECHNOLOGY INC., a Georgia
Profit Corporation, and ANDREW
H. HARRIS, Individually,

_____ Defendants. /

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, JOHNNY WEBB ("Plaintiff"), through undersigned counsel, files this Complaint against Defendants, BEACON SECURITY TECHNOLOGY INC. ("BEACON"), a Florida Profit Corporation, and ANDREW H. HARRIS ("HARRIS"), Individually, (collectively "Defendants") and states as follows:

## JURISDICTION

1.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2.     The jurisdiction of the Court over this controversy is proper pursuant

to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

## PARTIES

3.     At all times material to this action, Plaintiff was a resident of Spalding County, Georgia.

4.     At all times material to this action, BEACON was, and continues to be a Georgia Profit Corporation.  Further, at all times material hereto, BEACON was, and continues to be, engaged in business in Georgia, with a principal place of business in Spalding County, Georgia.

5.     Based on information and belief, at all times material hereto, Defendant HARRIS was and remains an individual resident of the State of Georgia, Spalding County.

6.     At all times material hereto, Defendant HARRIS was the CEO of BEACON, and regularly exercised the authority to: (a) hire and fire employees of BEACON; (b) determine the work schedules for the employees of BEACON; and (c) control the finances and operations of BEACON.

7.     Defendant HARRIS is an employer as defined by 29 U.S.C. §201, et seq., in that he acted, directly or indirectly, in the interests of BEACON towards Plaintiff and other similarly situated employees.

8.     At all times material to this action, Plaintiff was "engaged in

commerce" within the meaning of §6 and §7 of the FLSA.

9.     At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

10.     At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

11.     Defendants were, and continue to be, "employers" within the meaning of the FLSA.

12.     At all times material to this action, Defendant BEACON was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

13.     Based upon information and belief, the annual gross revenue of Defendant BEACON was in excess of $500,000.00 per annum during the relevant time periods.

14.     At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

15.     At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

16.    On or about April 2002, Defendants hired Plaintiff to work as a non-exempt hourly-paid "Technician," working for Defendants' security company.

17.    Plaintiff's job duties included, but were not limited to, installing security systems.

18.    Plaintiff did not regularly supervise two or more full-time employees during his employment with Defendants.

19.    At various times material hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

20.    From at least April 2008, and continuing through October 2011, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

21.    Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

22.    In 2011, the Department of Labor investigated Defendants.

23.    As a result of that investigation, the Department of Labor informed Defendants that Plaintiff was owed over $4,000 in back overtime pay.

24.     Defendants did not pay Plaintiff the wages that the Department of Labor informed Defendants were owed to Plaintiff.

25.     Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

26.     Defendants have violated Title 29 U.S.C. §207 from at least April 2008 continuing through October 2011, in that:

        a.     Plaintiff worked in excess of forty (40) hours per workweek for the period of employment with Defendants;

        b.     No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

        c.     Defendants have failed to maintain proper time records as mandated by the FLSA;

27.     Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

28.     Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

29.     Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

30.     Plaintiff re-alleges paragraphs 1 through 29 of the Complaint, as if fully set forth herein.

31.     From at least April 2008, and continuing through October 2011, Plaintiff worked in excess of forty (40) hours per workweek for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

32.     Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

33.     At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

34.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they

knew, or should have known, such was, and is, due.

35.    Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

36.    Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

37.    Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: this 19th day of March 2013.

Respectfully Submitted,

Andrew R. Frisch, Esquire
GA Bar No.: 366105
MORGAN & MORGAN, P.A.

7

600 N. Pine Island Rd., Suite 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-333-3515
E-mail:Afrisch@forthepeople.com

Robert DeMetz, Esq.
Georgia Bar No. 215070
MORGAN & MORGAN, P.A.
191 Peachtree Street NE, Suite 4200
Atlanta, GA 30303
Telephone: (404) 965-8811
Facsimile: (404) 965-8812
E-mail: Rdemetz@forthepeople.com

Trial Counsel for Plaintiff