**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **JOHNNY WEBB,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CASE NO. 3:13-CV-00062-TCB** |
| **v.** | ) | |
| | ) | |
| **BEACON SECURITY** | ) | **JOINT MOTION FOR JUDICIAL** |
| **TECHNOLOGY, INC.,** | ) | **APPROVAL OF SETTLEMENT** |
| **A GEORGIA PROFIT** | ) | **AGREEMENT** |
| **CORPORATION** | ) | |
| **and ANDREW H. HARRIS,** | ) | |
| **INDIVIDUALLY,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

Plaintiff Johnny Webb ("Plaintiff") and Defendants Beacon Security Technology Inc. and Andrew H. Harris, ("Defendants")(collectively the "Parties"), in the above-styled action, by and through undersigned counsel, hereby jointly move the Court for an Order approving the Settlement Agreement and General Release between the Parties to resolve the Plaintiff's lawsuit asserting claims under the Fair Labor Standards Act of 1938, as amended ("FLSA").  As grounds for their motion, Plaintiff and Defendants state as follows:

1.      Plaintiff's Complaint asserts claims under the FLSA for unpaid wages, including unpaid overtime compensation, liquidated damages, pre-judgment interest, attorneys' fees and costs.

2.      Defendants deny that Plaintiff is entitled to any unpaid wages, overtime compensation, liquidated damages, pre-judgment interest, attorneys' fees or costs, or any other damages, legal or equitable in nature.

3.      Defendants further asserted a Counterclaim against Plaintiff for amounts that they contended would offset any overtime wages due to Plaintiff.

4.      In an effort to avoid expenses associated with the continued litigation of this action and any appeal or post-verdict motions that may be filed, the Parties have reached a settlement agreement and have memorialized the agreement in a document titled Settlement Agreement and General Release (the "Agreement"), attached hereto for the Court's review and approval as **Exhibit 1**.

5.      Plaintiff claims that during the period relevant to this lawsuit he was not paid overtime wages.  Defendants assert that Plaintiff worked less than forty (40) hours per week and is, therefore, not entitled to unpaid overtime wages. Taking into consideration the respective risks on this issue, as well as the overtime hours Plaintiff claims he worked during the period relevant to this lawsuit, the

Parties have entered into the Agreement and collectively assert that it represents a fair and equitable resolution.

6.     A court may review and approve a settlement agreement wherein an employee compromises a claim for overtime under the FLSA. . In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

6.     In determining whether the settlement is fair and reasonable the Court should consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the

litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs success on the merits; (5) the range of possible recovery; and, (6) the opinions of the counsel. *See Leverso v. South Trust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).[1]

7.     A strong presumption exists to find a settlement fair and reasonable. *See Hamilton v. Frito-Lay, Inc.*, No. 6:05-CV-592-Orl-22JGG, 2007 WL 219981, *2 (M.D. Fla. Jan. 26, 2007).

8.     Consideration of the complexity of the case, the anticipated expense and length of future litigation, and the stage of the proceedings and discovery all favor this settlement. Settlement at this juncture prevents both sides from incurring additional attorneys' fees and costs that would otherwise be incurred in litigating this matter.

---

[1]     For the first factor, Plaintiff was represented by counsel throughout the course of litigation, and Plaintiff agrees that the amount to be paid him is fair, and the Parties' agreements as to this action are to his satisfaction. Specifically, Plaintiff agrees that the attorneys' fees specified in the Settlement Agreement are reasonable given the amount of time and effort expended on the case by his attorneys. Defendants have no reason to dispute the reasonableness of the attorneys' fees collected by Plaintiff's attorneys in the settlement. Under such circumstances, Plaintiff's counsel contends that formal judicial approval is not required. Regardless, in an abundance of caution, the Parties submit the Settlement Agreement to this court for review. Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491, *4 (M.D. Fla. Dec. 26, 2006).

9.     The Parties agree that there are significant questions of law and fact in dispute in this case which potentially reduce Plaintiff's probability of success on the merits.  Specifically, a portion of Plaintiff's claim fell outside of the automatic two-year statute of limitations for FLSA claims, and would have required that he prove a "willful" violation in order to recover a portion of his alleged damages. Further, Defendant produced voluminous GPS data records in support of its counterclaim.  Although Plaintiff vigorously contests the meaning and import of those records, they nonetheless arguably support Defendants' claim for offset, and thus may have reduced any damages ultimately awarded at trial.

10.    Through significant investigation, informal discovery and negotiations, counsel have reached an informed and reasonable resolution of this matter.

11.    Counsel agree that, if the parties continue to litigate the instant claims, they would be forced to engage in further costly litigation. Counsel further agree that this settlement is a reasonable means for both parties to minimize future risks and litigation costs.  Therefore, based on the opinions of counsel, settlement is advisable.

For these reasons, Plaintiff and Defendants jointly request that the Court enter the attached Order, approving the settlement and finding that the Agreement

5

is a fair and reasonable resolution, and dismissing this action with prejudice, with

each party to pay their own costs and fees incurred.

Respectfully submitted, this 2nd day of August, 2013.

**/s/ Angeli Murthy**
Angeli Murthy, Esq. (*Pro Hac Vice*)
Florida Bar No. 088758
Attorney for Plaintiff
MORGAN & MORGAN, P.A.
600 N. Pine Island Road, Ste. 400
Plantation, Florida 33324
Telephone: (954) 318-0268
Facsimile:  (954) 333-3515
E-mail: amurthy@forthepeople.com


**/s/ Robert DeMetz**
Robert DeMetz, Esq.
Georgia Bar No. 215070
Attorney for Plaintiff
MORGAN & MORGAN, P.A.
191 Peachtree Street NE, Suite 4200
Atlanta, GA 30303
Telephone: (404) 965-8811
Facsimile: (404) 965-8812
E-mail: rdemetz@forthepeople.com

**/s/ Andrew R. Frisch**
Andrew R. Frisch, Esq.
Georgia Bar No. 366105
Attorney for Plaintiff
MORGAN & MORGAN, P.A.
600 N. Pine Island Road, Ste. 400
Plantation, Florida 33324
Telephone: (954) 318-0268

**/s/ W. Wright Mitchell**
W. Wright Mitchell, Esq.
Georgia Bar No. 513680
Steven G. Hopkins, Esq.
Georgia Bar No. 142427
Attorneys for Defendants
CONSTANGY, BROOKS & SMITH, LLP
230 Peachtree Street, NW
Suite 2400
Atlanta, GA 30303
Telephone: (404) 525-8622
Facsimile: (404) 525-6955
Email: wmitchell@constangy.com
Email: shopkins@constangy.com

Facsimile:  (954) 333-3515
E-mail: afrisch@forthepeople.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | | |
|---|---|---|
| **JOHNNY WEBB,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CASE NO. 3:13-CV-00062-TCB** |
| **v.** | ) | |
| | ) | |
| **BEACON SECURITY** | ) | **CERTIFICATE OF SERVICE** |
| **TECHNOLOGY, INC.,** | ) | |
| **A GEORGIA PROFIT** | ) | |
| **CORPORATION** | ) | |
| **and ANDREW H. HARRIS,** | ) | |
| **INDIVIDUALLY,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

I hereby certify that on August 2, 2013, I electronically filed the foregoing *Joint Motion for Judicial Approval of Settlement Agreement* using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney(s) of record for Plaintiff:

Robert De Metz, Esq.
Andrew R. Frisch, Esq.
Angeli Murthy, Esq.

s/W. Wright Mitchell
W. Wright Mitchell, Esq.
Georgia Bar No. 513680

**Constangy, Brooks & Smith, LLP**
230 Peachtree Street, N.W.
Suite 2400
Atlanta, Georgia 30303-1557
Telephone:  (404) 525-8622
Facsimile:   (404) 525-6955

**Attorney for Defendants**
BEACON SECURITY
TECHNOLOGY INC. and
ANDREW HARRIS